851 F.2d 357
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Alvin CROY, a/k/a Red, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred Lewis GROSE, Defendant-Appellant.
 Nos. 87-5607, 87-5614.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 8, 1988.
Decided: July 5, 1988.
 
 Ira Kirkendoll, Federal Public Defender (James J. Brink, Assistant Federal Public Defender, on brief); Grafton E. Skaggs (Skaggs & Skaggs, on brief), for appellants.
 John Kessler, Assistant United States Attorney (Michael W. Carey, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Fred Lewis Grose and James Alvin Croy appeal from the district court order requiring them to pay restitution, following their convictions, entered upon guilty pleas. Grose pleaded guilty to conspiracy in violation of 18 U.S.C. Sec. 371 and destruction of postal money orders in violation of 18 U.S.C. Sec. 500. Croy pleaded guilty to conspiracy and possession of a firearm by a felon pursuant to 18 U.S.C. Sec. 922(g). We reverse and remand.
 
 
 2
 On May 13, 1987, appellants pleaded guilty to charges arising from their involvement with the arson of a rural post office located in Nallen, West Virginia. On June 18, 1987, appellants were sentenced to two consecutive five-year terms of imprisonment by the district court and it ordered them to make restitution pursuant to 18 U.S.C. Sec. 3579(a). Evidentiary hearings on the issue of restitution were held and the district court ultimately ordered appellants to pay a total of $49,575.00 each to victims of the crime as a condition of parole. Following the hearings, judgment orders were entered and this appeal followed.
 
 
 3
 Appellants argue that the district court improperly applied the mandatory statutory guidelines when it ordered them to pay restitution. They contend that the district court failed to make specific findings of fact with regard to their financial resources, financial needs, earning ability and the needs of their dependents as required by 18 U.S.C. Sec. 3580(a). In addition, appellants contend that the district court failed to set a time period in which they were to make restitution. Finally, they argue that the district court erred in allowing the government to submit extra-judicial statements which formed the basis for the order of restitution.
 
 
 4
 At the outset, we note that the trial court has broad discretion when deciding to order restitution and the court's order will not be reversed absent abuse of discretion. United States v. Bruchey, 810 F.2d 456 (4th Cir.1987). In addition, the district court has jurisdiction to consider an order of restitution as a sentencing option. 18 U.S.C. Sec. 3579(a)(1). However, Bruchey and Sec. 3580(a) also require that the court make clear findings of fact with respect to defendant's resources, financial needs, earning ability and defendant's dependents' needs. This the district court failed to do.
 
 
 5
 The district court found, in a general fashion, that Grose's financial means were minimal, that he had three dependents, and many liabilities. The court noted that Croy's financial means were also minimal, that he had no dependents, but many liabilities. The court further found that it was impossible to predict what appellants' financial situation would be upon their release from incarceration. These conclusions fall far short of the specific factual findings required by Bruchey and Sec. 3580(a). Any difficulty attendant to predicting whether appellants would be able to make restitution upon release does not abrogate the judicial responsibility to make the factual findings mandated by the statute. Moreover, an examination of the record would have enabled the court to predict appellants' ability to pay $49,575.00 each in restitution.[1] We, therefore, agree with the appellants that the district court erred in not making specific factual findings regarding their ability to pay restitution.
 
 
 6
 In addition, we agree with appellant's second contention that the district court improperly failed to limit the period within which restitution would be due. Section 3579(f)(1) and (3) mandates that restitution must be paid immediately or within a specified period of time. The end of the period of restitution cannot be later than the end of probation, five years after the end of imprisonment, or five years after the date of sentencing. The district court in this instance did not specify when the period of restitution was to end. This was error, and on remand the district court must specify the limits of the period of restitution.
 
 
 7
 As for appellants' challenge on appeal to the district court allowing the government to submit extra-judicial statements regarding the amount of restitution, our review of the record convinces us that this contention is meritless. Under 18 U.S.C. Secs. 3580(b) and (c), the district court may rely on the presentence investigative report of the Probation Service or such separate report as the court may require. The district court clearly did not abuse its discretion in relying upon the submission by the probation officer of documentation of the loss suffered by the insurance company.
 
 
 8
 For the foregoing reasons, we remand to the district court for specific factual findings regarding appellants' ability to pay restitution. If restitution is still found to be appropriate, the district court should set forth the time period in which the appellants are to attempt to pay restitution.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 [1]
 Grose is 37 years old and has been involved in criminal activities since he was 21 years old. He has a wife and two children and is a Vietnam veteran. He receives a disability check from the Veterans Administration for a bad back. He received income of $8,000 in 1986 from various government sources. He was incarcerated in prison from 1984 to 1985
 Croy is also 37 years old, and has been involved in criminal activities since he was 21. He is an alcoholic and suffers from tuberculosis. He has no dependents, but many liabilities. From 1977 to 1985, Croy was out of prison for only seven months, during which time he earned $3,000.